Delivered February 17, 1891.

---

THE SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. W. R. ROBINSON.

No. 3046.

1. **Rebutting Testimony — Practice.** — When a defendant has introduced evidence in opposition to that adduced by the plaintiff, the latter may introduce in rebuttal testimony confirmatory of his testimony in chief upon the point in issue. Ayers v. Harris, 77 Texas, 108; Carothers v. Markham, 47 Texas, 37.

2. **New and Unfinished Railway.**—The plaintiff having been injured in a wreck of a mixed construction train before the road was open to general travel, the court instructed the jury "that the defendant would not be expected to apply all the checks and guards that are in use upon established passenger lines, and the passenger would be presumed to take such risks as were necessarily incident to the new condition of the

track and the train upon which he traveled." This was favorable to the defendant and it was not error to refuse further instruction upon that issue.

**3. Verdict Not Excessive.**—See facts supporting a verdict for $7500 actual damages.

APPEAL from Colorado.   Tried below before Hon. George McCormick.

This is a second appeal.   The first is reported in 73 Texas, 277.   Verdict and judgment were for $7500, and the defendant appealed.   The report in former appeal and in the opinion give a statement.   ·

*Wm. Aubrey* and *S. C. Patten,* for appellant.— 1.   Conceding that under our practice the plaintiff or party having the burden of the proof is only required to make a prima facie case in his opening until he finds out upon what points his case is attacked and then may fortify, yet it is claimed that the rule is still that nothing may be given in evidence in reply which is not a direct answer to that produced on the part of defendant.   Markham v. Carothers, 47 Texas, 27.

2.   The charge should embrace and give the law upon every controverted material issue.   Railway v. Tankersley, 63 Texas, 57; Markham v. Carothers, 47 Texas, 27.

3.   Where the verdict of the jury is against the evidence or the clear preponderance of the evidence, it should be set aside or the case reversed. Railway v. Bracken, 59 Texas, 71; Railway v. Schmidt, 61 Texas, 282.

*Foard, Thompson & Townsend,* for appellee.— 1.   The rules governing the introduction of evidence are not inflexible and are left largely in the discretion of the court.   The court did not err in permitting the evidence of Mrs. Robinson, plaintiff's wife, at the time and under the circumstances.

2.   The court did not err in refusing the requested charge.   When issues are fully met and covered by charges already given by the court, other charges in the nature of repetition are calculated to give undue prominence thereto and to mislead the jury and are properly excluded.

GAINES, ASSOCIATE JUSTICE.—This case was before this court at a former term at this place, and is reported in 73 Texas, 277.   The report upon that appeal shows sufficiently the facts of the case for the purposes of this opinion.   Upon the trial which resulted in this appeal, the plaintiff, who is appellee here, in order to sustain the allegations of his petition, adduced evidence tending strongly to show that as a result of the injuries received in the accident his sexual powers had been greatly impaired if not destroyed.   To meet this the defendant introduced testimony to the effect that a short time before the trial he had been caught in the act of sexual intercourse with a woman not his wife.   In order to rebut this testimony he offered to prove by a witness who was his wife at at the time of the accident, but who had subsequently been divorced,

that before his injuries he had been a man of great sexual vigor, but that afterwards he was impotent. The testimony was objected to on behalf of defendant upon the ground that being cumulative upon the evidence introduced by plaintiff in chief the offer came too late. The testimony was admitted, and in its admission there was no error. This question came up for discussion in the case of Ayers v. Harris, 77 Texas, 108, and the rule was there recognized that when a defendant has introduced evidence in opposition to that adduced by the plaintiff the latter may introduce in rebuttal testimony confirmatory of his testimony in chief upon the point in issue. (See also Markham v. Carothers, 47 Texas, 27.) Besides, it is largely in the discretion of the court to permit the introduction of testimony out of its usual order, and the exercise of that discretion is rarely a ground for the reversal of a judgement.

It is complained that the court erred in refusing to give the following special instruction requested by the defendant:

"If you find from the evidence that defendant's road was new and properly constructed and that the wrecked train was properly run by its employes, and if you further find from the evidence that the wreck was caused by the washing of the dirt from under the ties by recent rains, and that defendant did not know of the fact and had no time to learn of the fact before the wreck occurred by the exercise of reasonable diligence, you will find for the defendant."

The court gave a proper instruction as to the liability of a carrier to a passenger, and at the request of the defendant also charged the jury "that if defendant's road had not yet been opened for the running of regular passenger trains and only mixed trains, such as plaintiff was on, were run thereon and the road bed was new and the plaintiff knew at the time he entered said train that such was the case, then the defendant would not be expected to apply all the checks and guards that are in use upon established passenger lines, and the passenger would be presumed to take such risks as were necessarily incident to the new condition of the track and the train upon which he traveled." This instruction was favorable to the defendant, and certainly went as far in the direction of exonerating it from liability by reason of its road being newly constructed as it was proper to go. Negligence, as a general rule, is a question of fact, and it is not proper in a case like this to instruct the jury that under a given state of facts the defendant was not negligent. It was for the jury to say whether under the circumstances the company was negligent or not, and therefore the special charge requested was properly refused.

The court also properly refused the instruction requested by the defendant to the effect that in estimating the plaintiff's damages they should take into consideration only his mental and physical suffering, and should exclude all other elements of damages. The court gave an appropriate instruction as to damages recoverable under the pleadings and evidence,

and it was not proper to repeat it.    Besides it may be doubted whether the charge asked was not too restrictive.    It is, capable of a construction which would have excluded a recovery for permanent physical disability.

The last assignment is that "the court erred in overruling defendant's motion for a new trial, made particularly on the ground that the verdict of the jury was contrary to the evidence, the chief damage claimed by plaintiff being sexual paralysis and disability produced by and dating from the wreck, supported (with the exception of his testimony) almost alone by the so-called expert testimony of physicians and contradicted by the overwhelming preponderance of the most creditable and positive testimony."

The reasons stated in the assignment do not properly reflect the testimony.    There was sufficient evidence notwithstanding the conflict to support the finding upon the particular issue mentioned; and putting this out of view, the jury were warranted by the testimony in concluding that the plaintiff in the accident had received an injury in the spine, the effects of which, though slight at first, had grown worse until his nervous system was hopelessly impaired and the functions of his heart and lungs, as well as other organs, were seriously and permanently deranged, and that his condition would in all probability grow worse.    It is not our province to weigh the evidence, and we can not set aside a verdict merely because there may be a preponderance of evidence against it.    We do not mean to intimate that there is such a preponderance in this case.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered February 17, 1891.