Jerry BUNKER, Appellant,

v.

Leola JOHNSON et al., Appellees.

No. 15638.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 30, 1955.

Cantey, Hanger, Johnson, Scarborough & Gooch, Howard Barker and Charles L. Stephens, Fort Worth, for appellant.

Fay W. Prescott, Fort Worth, for appellees.

MASSEY, Chief Justice.

This is a companion appeal to that of Bunker v. Lott, Tex.Civ.App., 282 S.W.2d 879.

The appellees in this case are the heirs of Alvin Johnson, who died as result of injuries sustained in the collision between automobiles driven by Jerry Bunker, appellant here, and Henry Rayford. Rayford is not a party to this appeal, though he was a party plaintiff along with the appellees in their suit as originally filed, and likewise in their judgment as originally entered.

For a summary of the circumstances leading up to the situation as it existed at the time the appellant was denied a new trial as to appellees when at the same time plaintiff Rayford was granted a new trial against the appellant, in the same case, the reader is referred to the opinion in the companion case of Bunker v. Lott. Were it not for the fact that the appellees here were plaintiffs along with Rayford in a single case in the trial court at the time the judgment was entered in behalf of the appellant, in so far as the plaintiff Rayford's cause of action was concerned, while judgment against the appellant was entered in behalf of the Johnson heirs, the result which would have been reached in this opinion would have been no different from that reached in the companion case above referred to.

However, on this appeal we have under consideration a case involving two separate and distinct causes of action, the first by Rayford against appellant Bunker, and the second by the Johnson heirs against Bunker. The causes of action could have been brought and prosecuted as separate suits. They could even have been severed after a common trial and verdict, but before judgment, under the provisions of Texas Rules of Civil Procedure, rule 174. Had there been a severance, there would have been two separate judgments entered upon the causes, as in different cases. One judgment would have been a take-nothing judgment in Rayford's suit for damages, and the other would have been a judgment ordering the payment of damages in the Johnson heirs suit therefor. Under such a situation, the case in which Rayford was granted a new trial would have been a separate case from that in which the Johnson

heirs were given a judgment, on its face final subject to the outcome on appeal. But none of this was done. By voluntary action, Rayford and the appellees brought their several claims for damages against the appellant by a single suit, and in so far as the case in which this was done is to be considered, their suit remained a single one through the time of the judgment entry, the filing of motions for new trial, and the action of the court thereupon taken.

It is therefore our opinion that we can disregard the fact that the suit of Rayford and the appellees was ever involved in any consolidation under the provisions of T.R. C.P. 174, or ever involved in any severance of any kind under the same rule.

We recognize that a verdict may be returned which would support the entry of a final judgment on one cause of action, while the same verdict would not support the entry of a final judgment in a companion cause of action prosecuted in the same case at the same time. This would be in instances where the causes of action were separate and distinct, whether they be two or more causes of action between a single plaintiff and defendant, or whether they be between two or more plaintiffs against the same defendant growing out of a single transaction. We can visualize other analogous situations. And so, in the instant case, had the jury answered sufficient parts of the verdict to have entitled the Johnson heirs to a judgment based thereon, though at the same time failing to answer other parts upon which the disposition of Rayford's cause of action depended, the verdict could have been accepted and a final judgment rendered for the Johnson heirs, with Rayford's cause of action reset for another trial.

But in the present instance it is the contention of the appellant that when the part of the verdict supporting the take-nothing judgment on Rayford's claim was set aside because it was tainted through jury misconduct, the only parts remaining of the verdict were insufficient to support the judgment of the Johnson heirs. In short, upon the appeal it is appellant's contention that the verdict does not support the judgment entered for the Johnson heirs. By point four in appellant's brief, it is asserted that when the trial judge set aside the jury verdict in the respects complained of by Rayford, granting him a new trial, it set aside, or should have, the verdict as well as to Rayford's companion plaintiffs, the Johnson heirs.

The appellant had no ground in his motion for new trial based upon the failure of the verdict to support the judgment entered in favor of the Johnson heirs, but his point on appeal is predicated upon an error which arose after the action of the court upon a motion for new trial, or at least after the time appellant was privileged to assert it as a ground in his motion for new trial. This constitutes an exception expressly provided for under T.R. C.P. 324, "Prerequisites of Appeal", and appellant's point of error is properly before us for consideration.

The amended motion for new trial of the plaintiff Rayford alleged misconduct of the jury in: (1) deciding and agreeing that Rayford should not recover and then proceeding to answer the issues to achieve that result; (2) making personal visits to the scene of the collision, taking measurements, making tests, and considering the facts and information derived therefrom so as to consider evidence not admitted by the court; and (3) discussing their personal experiences so as to consider unsworn testimony. The order granting plaintiff Rayford a new trial, after the statement that the court heard evidence upon his motion, sets out that the court "is of the opinion that same should be in all things granted". The court's order follows, to-wit: "It is therefore ordered, adjudged and decreed by the court that the judgment rendered in this cause on October 9, 1954, as same applies to the plaintiff Henry Rayford, and the verdict of the jury upon which said judgment was rendered, be, and they are hereby set aside, and said motion for new trial of this cause as to Henry Rayford, be, and the same is hereby granted, and the plaintiff Henry Rayford is granted a new trial herein."

Of course, the jury misconduct in answering issues so that Rayford would not recover would not necessarily operate to vitiate the issues answered in support of the Johnson heirs' right to recover. However, the other misconduct complained of, and impliedly found by the court incident to the language of the order granting Rayford a new trial, unquestionably went to the question of primary liability of the appellant as well as to the question of appellant's defense of contributory negligence against Rayford. From the verdict itself we observe that the take-nothing judgment as to Rayford's claim was based upon affirmative findings of contributory negligence rather than upon any failure to find that the appellant was guilty of primary negligence. But ample evidence adduced at the hearing on the motion for new trial of Rayford demonstrated that the jury purposely answered the issues so that the other plaintiffs would be enabled to recover damages, while at the same time answering them in a manner which would prevent a recovery by Rayford. Aside from such evidence, we can readily perceive how a jury, bent upon the improper purpose of answering special issues on liability in an automobile negligence case so that a plaintiff will not be enabled to recover any damages, could go about the accomplishment of such a purpose. They could do any one of three things, to-wit: acquit the defendant of any negligence, convict the plaintiff of contributory negligence, or do both things. Here it would seem that their purpose was accomplished by the second method, but of this we cannot be positive. There was no finding of fact upon the question filed by the trial judge.

■ Since the · enactment of Texas Rules of Civil Procedure, a trial judge is no longer required to grant a new trial because of jury misconduct if he has only a reasonable doubt as to whether it affected the verdict. It follows that in a case where a new trial was granted on the ground of jury misconduct, an appellate court should conclude that there was no doubt as

to the prejudice vitiating the verdict, at least in part. It seems logical that any part of a jury verdict vitiated as to one party is vitiated as to all parties affected thereby in the same case.

The judgment of the Johnson heirs is not so dependent upon the judgment in connection with Rayford as to automatically fall because of the falling of the latter, but the judgment in the former is so dependent upon the part of the verdict vitiated in the fall of the latter that it appears before us on appeal without support of an entire verdict.

■ In our view, when the trial court unqualifiedly found that jury misconduct existed in the respects alleged by Rayford in his motion for new trial, his finding that prejudice resulted to Rayford went to the issues on the primary question of liability of the appellant as well as to the matter of contributory negligence on the part of Rayford. Particularly do we believe this to be true where there are no findings of fact and the part of the verdict affected by the misconduct is not capable of definite and accurate ascertainment. The principle of law seems most sound though the statements thereon from our authority constitute dicta. See International-Great Northern R. Co. v. Cooper, Tex.Com.App., 1928, 1 S.W.2d 578. Where a juror is at all influenced upon a material issue, as in the case of liability, the extent is immaterial, because definite portions of an opinion or idea cannot be allocated to each of its various confederate causes. Moore v. Ivey, Tex.Com.App., 1925, 277 S.W. 106.

It is therefore reasonable to conclude that the issues on primary negligence were among those necessarily vitiated when the judgment as to Rayford was set aside and a new trial granted to him because of jury misconduct in connection with the special issues on liability. Certainly, under the state of the record, we would not be entitled to presume that but for the misconduct the jury would have returned the same answers. The Johnson heirs must rest their judgment on the issues of primary negligence,

and if the effectiveness of these issues is destroyed, such appellees have no foundation for their judgment. There is no way of knowing that the jury would have reached a verdict on the primary liability of the appellant at all had such misconduct not occurred. To presume otherwise would be to presume that had the misconduct not occurred, the jury would have nevertheless returned the same answers they did return to the issues upon which the Johnson heirs must rely.

For these reasons, we believe there must be another trial of both causes of action existent in the case.

Reversed and remanded.