Lee WALKER, Individually and Doing Business as Lee Walker Oil Field Contractor, Appellant,

v.

Earl THOMPSON, Appellee.

No. 12938.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 8, 1956.

Rehearing Denied March 7, 1956.

Kelley, Looney, McLean & Littleton, Willard E. Dollahon, Edinburg, for appellant.

Carter, Stiernberg & Skaggs, Harlingen, Cox, Wagner, Adams & Wilson, Brownsville, for appellee.

## W. O. MURRAY, Chief Justice.

This suit was instituted by Earl Thompson against Lee Walker, doing business as Walker Oil Field Contractor, seeking to recover damages for personal injuries sustained by plaintiff when he was struck by a truck belonging to defendant. Texas Employers' Insurance Association intervened, seeking subrogation as carrier of Workmen's Compensation Insurance on Earl Thompson.

The trial was to a jury on special issues and judgment was rendered in plaintiff's favor, in keeping with the verdict of the jury, in the sum of $41,928.27, from which judgment Lee Walker, d/b/a Lee Walker Oil Field Contractor, has prosecuted this appeal.

All of appellant's points relate to four alleged acts of jury misconduct. These specific acts, stated briefly, are: (1) Mention of insurance, (2) Mention of attorney's fees, (3) Attempt by juror Orlando to mention his own physical condition, and (4) Unlawful communication by the bailiff with the jury.

The trial court, after a hearing which covers some 550 pages, made, among others, the following findings of facts:

"1. During the jury's deliberation, the subject of attorneys' fees was mentioned, and such mention promptly rebuked and the subject was not discussed.

"2. That during the jury's deliberation, the subject of insurance was mentioned, and such mention promptly rebuked and such subject was not discussed. * * *

"4. That the juror, Orlando, attempted to mention something about his own physical condition, but was promptly warned that he should not do so; he did not complete such statement, and such subject was not discussed. * * *

"6. The bailiff did not commit the acts charged in paragraph No. 6 in the motion. * * *

"It is the further opinion of the Court that the absence of discussion, the meagerness of mention, together with the prompt admonition and rebuke administered, prevented any cumulative effect from occurring from the mention of the questions complained about."

■ While the evidence was conflicting as to what happened during the deliberations of the jury, the above findings are supported by the evidence and are binding upon this Court.

It will be noted that the trial court found that the bailiff did not communicate with the jury in the manner contended by appellant, so this alleged ground of misconduct passes out of the case.

■ The mere mention of attorneys' fees and insurance by the jury during their deliberations, under the facts in this case, which show that the foreman of the jury promptly admonished the jury that such matters were not to be discussed by them, did not constitute jury misconduct requiring a reversal of the judgment.

The mere attempt on the part of the juror Orlando to mention his own physical condition, which was interrupted by an admonition of the foreman that such things were not to be discussed, did not constitute jury misconduct. Neither did the accumulation of all of these alleged acts of misconduct by the jury amount to jury misconduct requiring a reversal of the judgment.

Appellant's other points of error relate to his general contention that the trial court unduly limited his cross-examination of the jurors. He specifically complains because he was not permitted to ask the juror Stolley the following question:

"Q. That's just yesterday afternoon, and yet you can't" and the further questions:

"Q. Now you say you don't know?
* * *

"Q. Why did you say that? * * *

"Q. Do you know why you said that? * * *

"Q. Didn't you think that was a pretty nice thing for Mr. Skaggs to do, to get his job back for him?"

Appellant also complains because he was not permitted to ask the juror Deming the following question:

"Q. Now, Mr. Deming, I will ask you this question. Had that particular juror had a conversation with you during the course of the trial, about being in an accident?"

and the juror Orlando the following question:

"Q. Now, isn't it true that you told Mr. Deming about being in an accident yourself, close to Chicago?"

The statement of facts on the hearing of appellant's motion for a new trial contains 550 pages. It seems that the conduct of the jury during their deliberations was rather fully developed, but appellant contends that he was also entitled to ask the above questions. Appellant argues that a juror called to the witness stand by appellee becomes a witness for appellee and is subject to the same rigid cross-examination by appellant as any other witness called by appellee. We do not agree. On a hearing of a motion for a new trial setting up alleged jury misconduct the jurors are not the witnesses of either side, Finto v. Texas & N. O. R. Co., Tex.Civ.App., 265 S.W.2d 606, 607, and the extent of their cross-examination is a matter largely resting within the discretion of the trial court, and unless an abuse of that discretion is shown there is no reversible error committed. Snow v. Harding, Tex.Civ.App., 180 S.W.2d 965.

Prior to the time counsel for appellant asked any of the questions set forth above, there had been a total of approximately seventeen sustained objections and admonishments from the trial court on the grounds of repetition, argumentativeness, immateriality and impropriety in connection with counsel's cross-examination of the juror Stolley. There is no error assigned as to the sustaining of these objections and the giving of these admonitions. The questions asked the juror Stolley were either argumentative, meaningless, repetitious or immaterial, and the trial court did not abuse his judicial discretion in sustaining objections to these questions.

The questions which counsel for appellant was not allowed to ask the jurors Deming and Orlando did not relate to any matters raised in appellant's motion for a new trial and were properly excluded. 31 Tex.Jur., New Trial, § 151, p. 163; Romo v. San Antonio Transit Co., Tex.Civ.App., 236 S.W.2d 205; Union City Transfer v. Adams, Tex.Civ.App., 248 S.W.2d 256; Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644.

Appellant contends that he should have been permitted to ask all of these questions, because he informed the court that he wished to do so in order to develop his bills of exception. The questions were subject to the objections made, and it mat-

ters not that appellant wanted to ask them for the purpose of developing his bills. The court did not err if the questions were argumentative, repetitious, constituted a harassment of the juror, or were subject to the other objections made by counsel for appellee.

The judgment is affirmed.