Mildred W. BAKER, et vir, Appellants,

v.

H. B. STURGEON et al., Appellees.

No. 7407.

Court of Civil Appeals of Texas.
Texarkana.

Oct. 16, 1962.

Rehearing Denied Nov. 13, 1962.

J. Donald McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellants.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellees.

CHADICK, Chief Justice.

This is a common law tort action. The trial court rendered judgment awarding damages to the plaintiffs, appellees here, and the judgment is affirmed. The opinion filed herein September 11, 1962 is withdrawn.

Mrs. Cleo Sturgeon, wife of plaintiff, H. B. Sturgeon, died instantaneously in a head-on collision between the Sturgeons' 1957 Plymouth sedan automobile and a 1960 model Chevrolet station wagon driven by Mrs. Mildred Baker. Mr. Sturgeon was driving westward on U. S. Highway 80, and Mrs. Baker was traveling eastward along the highway a few miles west of Waskom, Harrison County, Texas, when the collision occurred. The Sturgeon vehicle was occupied by Mr. Sturgeon and his wife, the station wagon by Mrs. Baker and her young son. Besides fatal injury to Mrs. Sturgeon other occupants of both vehicles were injured in varying degrees.

H. B. Sturgeon and Ann Sturgeon, the seventeen year old daughter of the deceased Cleo Sturgeon, brought suit against Mrs. Baker and her husband, Omor Baker, in a District Court of Hopkins County, for damages accruing to them as a result of the collision. The Baker couple are non-residents of the State of Texas; the Sturgeons resided in Hopkins County. The answer filed by the Bakers, besides defensive pleading, contained a cross-action for damages against appellee H. B. Sturgeon. Eight of the appellants' eleven points of error will be quoted and considered in numerical order; other points have been carefully considered and found not to present reversible error and are respectfully overruled.

"FIRST POINT OF ERROR:

"The Court erred in failing to grant a new trial because of the improper conduct of the jury in arriving at its answers to the questions propounded, to the prejudice of defendant. (Germane to Assignment of Error No. 14)."

The evidence offered upon the issue of jury misconduct was conflicting in its salient features. These contradictions were resolved by the trial court against the appellant. This court is bound by the trial judge's fact finding on controverted issues of fact. State of Texas v. Wair, Tex., 351 S.W.2d 878; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62; Saladiner v. Polanco, Tex.Civ.App., 160 S.W.2d 531, er. ref.; Thompson v. Railway Express Agency, Tex.Civ.App., 206 S.W.2d 134, N.R.E.; Martin v. Shell Oil Co., Tex.Civ.App., 262 S.W.2d 564, N. W.H.; Morgan v. State, Tex.Civ.App.,

343 S.W.2d 738, N.R.E. The point is over-ruled.

### "SECOND POINT OF ERROR:

"The Court erred in not permitting counsel for defendant to fully develop the improper conduct of the jury in arriving at its verdict and the prejudicial effect thereof. (Germane to Assignment of Error No. 14)."

■ The point is without a foundation in an assignment in the motion for new trial. The brief indicates that the point is germane to Assignment of Error No. 14, but the ruling occasioning complaint occurred after the Amended Motion for New Trial was filed. There is no doubt that appellants are entitled to have the point considered. See Jones v. Elliott, Tex.Civ.App., 259 S.W.2d 288, N.R.E., 263 S.W.2d 250; Thompson v. State of Texas, Tex.Civ.App., 311 S.W.2d 927, N.R.E., and Bunker v. Johnson, Tex.Civ.App., 282 S.W.2d 884, N.W.H.

Appellants, in argument under this point, identify the jurors Olin Perkins, H. G. Parish, and Mrs. Lonnie Campbell, each of whom was examined in the jury misconduct inquisition, as the source of evidence of jury misconduct the trial court's rulings prevented them from developing. The affidavit stating the facts of misconduct attached to the amended motion for new trial contained the statement that the juror, Mrs. Campbell, had related to the affiant that the jury considered the loss of society, affection and companionship of Cleo Sturgeon in arriving at the damages sustained by appellees, H. B. Sturgeon and Ann Sturgeon. The affidavit did not mention juror Olin Perkins, and stated only that H. G. Parish "advised that * * * he was through with the case".

The record shows that in each instance, when the ruling now the basis of complaint

was made, a bill of exception was not made or requested showing the testimony the jurors would give if permitted to answer the propounded questions.

■ Examination of all cases[1] since Roy Jones Lumber Company v. Murphy, 139 Tex. 478, 163 S.W.2d 644 involving a limitation on admission of evidence of jury misconduct indicates that the excluded evidence was brought forward for appellate review by a bill of exceptions or that the trial court refused a request for permission to make a bill; none appear to have considered a complaint where the record was similar to this under discussion. Thompson v. State, Tex.Civ.App., 311 S.W.2d 927, N.R.E. says:

"* * * since appellant did not perfect his bill as to what these jurors did or what they saw or what discussions or comments were made by them while they were there, we cannot say that such conduct constitutes reversible error as a matter of law. * * * It was appellant's duty to perfect his bill of exception. See McCormick & Ray Texas Law of Evidence, p. 25, par. 20; McAuley v. Harris, 71 Tex. 631, 639, 9 S.W. 679; Shippers Compress & Warehouse Co. v. Davidson, 35 Tex. Civ.App. 558, 80 S.W. 1032; Martinez v. Pena, Tex.Civ.App., 139 S.W.2d 337, point 5; see also City of Corsicana v. Marino, Tex.Civ.App., 282 S.W.2d 720, points 3 and 4; 3A Tex.Dig. Appeal & Error ■"

In the later case of Moran Utilities Co. v. McHaney, Tex.Civ.App., 325 S.W.2d 712, N.W.H. it is said:

"Where no affidavit or other written statement of a juror is furnished the court in a comparable situation, it is incumbent upon the party complaining to make a bill of his proffered testimony or a sufficient part thereof to show the

1. This refers to cases found in Shepard's Southwestern Reporter Citations. Among the cases are some in which the text of the opinion does not clearly state how the excluded evidence was brought forward.

court his action is based 'upon knowledge and not suspicion or hope.' [139 Tex. 478, 163 S.W.2d 646] Nunn v. Daly, Tex.Civ.App., 150 S.W.2d 834; Hobbs v. Slayton, Tex.Civ.App., 265 S.W.2d 838. * * *"

The absence of a record showing the answers expected from the jurors Perkins and Parish, and that such evidence would have been favorable to the appellants' contention, subverts the base of review on appeal. Excluding the testimony of jurors Perkins and Parish is not shown to be reversible error.

■ Refusing to permit an answer to this question, "Mrs. Campbell, did the jury agree that some damages should be awarded to Mr. Sturgeon and the daughter by reason of the loss of companionship of Mrs. Sturgeon?" casts the complaint about the exclusion of Mrs. Lonnie Campbell's answer in a different light to that of the jurors Perkins and Parish as the affidavit on file shows that counsel for appellant had reason to expect an affirmative answer from Mrs. Campbell. The court sustained the objection to this question on the grounds that it was repetitious. Previous to asking the quoted question counsel for appellant propounded a question and received an answer as follows:

"Q. Do you recall, Mrs. Campbell, your talking about and other jurors talking about the loss to these parties by reason of the loss of companionship and affection of Mrs. Sturgeon?

"A. Yes, we did.

"Q. And that was one of the things you talked about in the jury room.

"A. Yes.

"Q. And you took that into consideration?

"A. Yes."

Plainly the answer excluded was in reply to a repetitious variant of a former question.

Admission of an answer to the repetitious question was discretionary with the trial judge. See Finto v. Texas & New Orleans Railroad Co., Tex.Civ.App., 265 S.W.2d 606; N.W.H.; Trousdale v. Texas & New Orleans Railroad Co., 154 Tex. 231, 276 S.W.2d 242; Walker v. Thompson, Tex.Civ.App., 287 S.W.2d 556, N.R.E. Reversible error is not shown.

"THIRD POINT OF ERROR:

"The Court erred in failing to submit to the jury either of the defendants' requested special issues making inquiry of the jury as to whether or not the plaintiff failed to timely apply his brakes. (Germane to Assignment of Error No. 12)."

"FOURTH POINT OF ERROR:

"The Court erred in its refusal to submit an issue to the jury making inquiry as to whether or not the accident was unavoidable accident as requested by defendant. (Germane to Assignment of Error No. 12)."

Counsel requested the trial judge to give seven special issues, among them the issues mentioned in the two points of error quoted. All requested issues were refused. The assignment of error in the motion for new trial was:

"12. The Court erred in failing to submit to the jury defendant's requested special issues, each and all of them thereby depriving defendants of defensive issues that they were entitled to have presented to the jury in their behalf to the prejudice of defendants."

■ These two points of error must be overruled because the assignment is multifarious and does not distinctly point out a particular act alleged to be erroneous. The assignment complains of the failure of the court to give all requested special issues, as well as each of them, but does not single out a specific issue and bring it to the court's attention. The points briefed are

failure in two instances to give particular requested issues. Abandonment of the other five requested issues appears to be a concession that the request as to the abandoned issues was not meritorious. The assignment cast upon the trial judge the task of sorting through the several requests to find which, if any, had merit. The assignment is not in compliance with Rules 320, 321, 322, and 374; it did not clearly identify and particularize appellants' complaint in such manner that the trial judge, examining the motion, would understand the particular act of his that was said to constitute error. Wagner v. Foster, 161 Tex. 333, 341 S. W.2d 887; Ice Service Co. v. Scruggs, Tex. Civ.App., 284 S.W.2d 185, N.R.E. Point overruled.

## "SIXTH POINT OF ERROR:

"The Court erred in permitting plaintiff to put on rebuttal witnesses unrelated to and not germane to any testimony put on by defendant, to the prejudice of defendant. (Germane to Assignment of Error No. 3)."

■■■ Rule 265 clearly sets out the order of proceedings in a trial by jury. It is there provided that after a party rests his case in chief the party will thereafter be confined to the proffer of rebutting testimony. See Ayers v. Harris, 77 Tex. 108, 13 S.W. 768; San Antonio & A. P. Ry. Co. v. Robinson, 79 Tex. 608, 15 S.W. 584. In this instance the appellee H. B. Sturgeon was cross-examined in an effort to show that his injuries, if any, were minor and of short duration. If Mr. Sturgeon thought the cross-examination damaged his case, procedure in accordance with the rule would have required him to offer evidence bolstering his testimony before resting his case. However, after the Bakers had rested their case Sturgeon called three witnesses to give testimony to his physical condition as it appeared to them before and after the collision. The order in which evidence is adduced at a trial is a procedural incident to be controlled by the trial judge, and he is

allowed much discretion in the performance of this duty. See Trial-Civil Cases, 41–B Tex.Jur. Sec. 89, 90 and 91. In Lubbock Bus Co. v. Pearson, Tex.Civ.App., 266 S.W. 2d 439, Wr.Ref., N.R.E., it was held to be harmless error when the trial court permitted the plaintiff to offer his chief medical testimony after the defense had closed. Here, a consideration of the whole record leads to the conclusion that the error is harmless. Point overruled.

## "SEVENTH POINT OF ERROR:

"The Court erred in submitting an inquiry of the jury as to future medical expense to be incurred by plaintiff, H. B. Sturgeon, and including the answer of the jury thereto in its judgment, because there is no evidence to warrant the submission of such issue. (Germane to Assignment of Error No. 81)"

■■■ Evidence was offered which might be construed as proving that Mr. Sturgeon had completely recovered from his injuries, and that Mr. Sturgeon suffered a lung impairment antedating the time of the collision which was the cause of any disability then existing. One medical witness said recovery from the collision produced injuries was slower than normal because of the pre-existing lung condition. Another medical witness testified that Mr. Sturgeon was not able to hold steady employment at the time of trial because of the disabling effect of the injuries he had received. As a witness in his own behalf Mr. Sturgeon admitted the lung ailment and a deterioration in health preceding the collision date. He swore that on regaining consciousness after the accident he had pain in his head, chest, side, arms and legs, but that prior to the accident he suffered no pain in his chest. Since the collision he claims that he had been bothered by his nerves, arm, side and chest, and that his head hurt continually. Also he testified that he was unable to recall or remember events for any length of time, and did not think his physical condition was improving. In Edens-Birth Lumber Co. v. Wood, Tex.Civ.App., 139 S.W.2d 881, err.

dism'd, judg. correct, it is said in passing upon a similar point of error:

"* * * The jury had the right to take the nature and extent of her injuries and her progress toward recovery under the treatment she had received, and the reasonable cost of her medical and hospital treatment. in the past, her physical condition at the time of the trial, and estimate the necessity for medical and hospital treatment in the future, and the reasonable value of such future medical treatment and hospital expenses."

The facts in evidence raise the issue, and it was properly submitted. Point overruled.

"TENTH POINT OF ERROR:

"The Court erred in submitting Special Issue No. 19 inquiring about expenses incurred by H. B. Sturgeon for the funeral of Cleo Sturgeon because there is no evidence to support any answer of the jury thereto, and the Court erred in entering a judgment based upon the jury's answer to such issue. (Germane to Assignment of Error No. 10)."

■ Mr. Sturgeon testified that he received a bill from Tapp Funeral Home for $554.70, that he paid $125.00 for a cemetery lot, and $150.00 for a grave marker. He was asked "Do you know anything about whether those are reasonable charges in this area so far as you are concerned, charged for the lot and tombstone marker?" He answered "Yes sir." This point of error is sustained. It must be shown by probative testimony that the expense claimed is reasonable and necessary. Dallas Rwy. and Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377. No evidence supports the verdict. Point sustained.

"ELEVENTH POINT OF ERROR:

"The Court erred in not requiring the plaintiffs to make a remittitur of the award. (Germane to Assignments of Error No. 1 and No. 4)."

■ The jury's verdict upon the following six special issues were as follows: No. 16, $784.96; No. 17, $1,650.00; No. 18, $6,000.00; No. 19, $829.70; No. 20 (To H. B. Sturgeon) $20,000.00; (To Ann Sturgeon) $35,000.00.

Assignment of Error Nos. 1 and 4 in the motion for new trial are as follows:

"1. The verdict of the jury is contrary to the law and the evidence and the award of the jury is excessive from the standpoint of any evidence that was presented even if plaintiffs are entitled to recover and could only be arrived at by the jury giving consideration to matters not in evidence, or not properly considered by the jury.

"4. The Court erred in rendering judgment in the amount set out in its judgment because the same is excessive."

In a Commissioner's opinion adopted by the Supreme Court, Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, after referring to an assignment that did not mention excessiveness of the verdict but did assert that the evidence did not support the jury's verdict upon a designated special issue and was opposed to the great mass of the creditable testimony and was the result of prejudice, sympathy or passion, the opinion says that if such assignment amounted to an allegation of excessiveness it would be insufficient, saying in the latter respect as follows:

"* * * As to that it is neither explicit nor precise, since it clearly charges that the vice complained of attached to the entire amount fixed by the jury, not to a part only as would be the case were the amount excessive. * * *"

The same conclusion was announced in a case much the same as this, Thompson v.

Robbins, Tex.Civ.App., 297 S.W.2d 247 (affirmed 157 Tex. 463, 304 S.W.2d 111) ; See also Wagner v. Foster, supra. The point of error has no foundation in the assignments in the motion for new trial as it does not specifically point out the particular jury answer or answers that are excessive.

The judgment of the trial court will be reformed by deleting therefrom the item of $829.70 awarded by the jury in answering special issue No. 19, and a take nothing judgment rendered thereon; the judgment in all other respects is affirmed.