

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00558-CV

———————————————

IN THE INTEREST OF A.B., A Child

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-745440-24

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant A.C. (Mother) appeals the termination of her parental rights to her son, A.B. (Adam), arguing that the trial court abused its discretion in its handling of her motion for new trial both by (1) refusing to allow her to make an offer of proof when it excluded evidence of her trial counsel's ineffective assistance and by (2) denying her motion despite her showing of ineffective assistance. Because Mother's motion for new trial did not "clearly identif[y]" ineffective assistance as a ground for new trial, Tex. R. Civ. P. 321, and because Mother has failed to show that her trial counsel's allegedly ineffective actions influenced the outcome of her case anyway, we will affirm.

## I. Background

In late 2023, the Department of Family and Protective Services (the Department) received a report that Mother was using methamphetamine, and when a court ordered a drug test, both Mother and then-six-year-old Adam tested positive for the drug.[1] Adam was removed from Mother's care shortly thereafter, and the Department sought termination of Mother's parental rights. The trial court ordered Mother to comply with a Department-created service plan as a condition of her reunification with Adam.

---

[1]When Adam was born in 2017, both he and Mother tested positive for marijuana.

When Mother's case went to trial eight months later, Mother's trial counsel was present, but Mother was not. The Department caseworker assigned to Adam's case described Mother's failures to comply with her service plan, including her failure to submit to any drug testing[2] or to provide proof of stable housing.[3] The trial court terminated Mother's parental rights, finding that termination was in Adam's best interest and that Mother's actions satisfied three statutory predicate grounds. *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(D), (E), (O), (b)(2).

## A.     Motion for New Trial

After the termination judgment, Mother's trial counsel withdrew, and Mother was appointed appellate counsel, who moved for a new trial. The motion listed six statements as support for Mother's alleged entitlement to a new trial:

> 1.  On November 25, 2024[,] a judgment for termination was signed by th[e trial c]ourt in this case.
>
> 2.  [Mother] did not receive notice of the final trial from her attorney and was unaware that the matter was being held in person in the 231st Judicial District Court. [Mother] has evidence as to completion of her court[-]ordered services that was not presented by her attorney at trial.
>
> 3.  The above error probably caused rendition of an improper judgment in the case. Tex. R. App. P. 44.1(a)(1).

---

[2]Mother's caseworker testified that Mother had not completed any of the "11 or 12" random drug tests requested of her.

[3]According to the caseworker, Mother had last reported "that she was living in a van with her dog."

4. [Mother] has a meritorious defense to the cause of action alleged in this case.

5. The granting of a new trial would not injure the Texas Department of Family and Protective Services.

6. Justice will not be properly served unless a new trial is granted.

[Indentation altered] Mother did not accompany her motion with any affidavits or other evidence.

## B. New-Trial Hearing

Then, at the hearing on Mother's motion for new trial, she attempted to present evidence that her trial counsel had been ineffective.

First, Mother's appellate counsel observed that trial had started nearly an hour after its scheduled time, and she alluded to a rumor that Mother's trial counsel had required a reminder of the setting. Mother asked the trial court to confirm these off-the-record events, and the trial court did so, explaining that Mother's trial counsel had not been present at the scheduled time, that the court had called trial counsel's telephone number from the bench, that counsel had "told [the court] that she wasn't ready," and that the trial court had advised her "to show up" anyway.

With this confirmed, Mother then attempted to call a records custodian to testify regarding the records that her trial counsel had subpoenaed. When the Department questioned the relevance of such testimony, Mother explained that she "believe[d] that, not only in conjunction with [her] motion for new trial, that [she] w[ould] be making an ineffective assistance of counsel claim based upon the

4

testimony and the information [that she] ha[d]." The Department objected, insisting that "we are here on a motion for new trial of which the grounds are that the mother did not receive notice of trial[; w]e are not here to develop an appellate record for the purpose of ineffective assistance of counsel." The trial court agreed and sustained the Department's objection. However, the trial court allowed Mother to present the custodian's testimony as an offer of proof.

After this offer of proof, Mother called the Department caseworker, and she elicited testimony to emphasize that prior court hearings had occurred remotely and that Mother had transportation issues.[4] But Mother then attempted to veer the caseworker's testimony into other matters (such as records of Mother's allegedly completed services), and the Department objected that the questions "exceed[ed] the scope of the motion." The trial court agreed, excluding such testimony as irrelevant but allowing Mother to present it as an offer of proof. However, as Mother continued further—asking the caseworker about the contents of specific documents and drug tests—the Department became more persistent in its challenge to the scope of Mother's offer of proof.

---

[4]Later, the caseworker testified that she and Mother's trial counsel had met with Mother about a month before trial and that they had notified her of the trial's date and in-person nature. The trial court also took judicial notice of a trial setting notification in its file along with the electronic confirmation that Mother had been served with the notification.

5

The Department reiterated that Mother's "one claim today is lack of notice," and it argued that she was "running all over the park trying to develop a new trial in . . . an offer of proof." Mother, in turn, explained that she "need[ed] to offer an ineffective claim as well" and that the evidence being offered "[went] to [her] ineffective claim."[5] But again, the Department protested that "[w]e're here on a motion for new trial and lack of notice[, t]here is nothing about ineffective assistance of counsel," arguing that Mother's offer of proof "far exceed[ed] the scope of what we are here on." The trial court again agreed with the Department and ruled that Mother could not continue with her ineffective assistance offer of proof, explaining that she was "doing two different things." It instructed Mother to "narrow it back to . . . the motion for new trial," i.e., "back to the argument of notice."

Later, though, near the end of the hearing, Mother returned to the topic. She stated that she had "reviewed [her] motion for new trial" and that, because her "second sentence says that she . . . has evidence as to completion of court-ordered services that were not presented by her attorney at trial," she "believe[d] that br[ought] to light the question of ineffective" and "put[] the Department on notice."

_____

[5]Mother explained, for example, that the document she had broached with the caseworker supported her ineffective assistance argument because, if Mother "took a [drug] test . . . and didn't bring it to the Department's attention and did not follow up on it, . . . that [went] to ineffective."

6

The Department disagreed, insisting that the motion was limited to a lack of notice.[6]

Once more, the trial court agreed with the Department.

Nonetheless, after Mother finished presenting her evidence and the trial court denied her motion for new trial, Mother repeated her request to proceed with her offer of proof regarding "services completed that were not considered."[7] An off-the-record discussion ensued, after which the trial court "den[ied Mother's] request to do [an] offer of proof after [the] order ha[d] already been rendered."

## II. Discussion

On appeal, Mother complains that the trial court erred by (1) refusing to allow her to present an offer of proof at the new-trial hearing and (2) denying her motion for new trial despite evidence that her trial counsel had been ineffective.

But Mother ignores the elephant in the room: the trial court's determination that her ineffective assistance claim—and the evidence related to it—was beyond the scope of her motion for new trial. Both of Mother's appellate complaints trace back to this determination, and although the trial court repeatedly noted it at the new-trial hearing, Mother fails to acknowledge, much less challenge, it.

---

[6]The Department also argued that Mother's ineffective assistance argument was not a proper ground for a new trial because "[t]here could be many reasons why defenses were or were not presented." The trial court agreed, commenting that "[c]ounsel may decide not to present something if it feels like it may hurt their client" and that the court "d[id]n't know what [trial counsel's] strategy was."

[7]Mother identified two witnesses she intended to call regarding the allegedly completed services. Neither witness was her trial counsel.

Nonetheless, liberally construing Mother's two appellate issues to include an implicit challenge to the trial court's underlying determination of her motion's scope, we turn there first. *See* Tex. R. App. P. 38.9 (requiring liberal construction of briefing rules); *In re Z.M.M.*, 577 S.W.3d 541, 542–43 (Tex. 2019) (chastising appellate court for failing to "broadly construe" appellant's argument to encompass challenge to related finding in termination case); *In re H.C.*, No. 02-23-00477-CV, 2024 WL 1561513, at *3 (Tex. App.—Fort Worth Apr. 11, 2024, no pet.) (mem. op.) (noting that, "[u]nder different circumstances, we would dismiss [the f]ather's appeal for failure to comply with the briefing rules," but that "because parental termination is severe and permanent, we will review his issues").

## A.    Scope of Motion for New Trial

At the new-trial hearing, the trial court determined that Mother's motion for new trial did not raise an ineffective assistance claim. To the extent that Mother implicitly challenges this determination, her challenge fails.

To adequately raise an issue in a motion for new trial, the written motion must specify each ground relied upon "in such a way that the objection can be clearly identified and understood by the court." Tex. R. Civ. P. 321; *see In re J.A.*, No. 02-23-00129-CV, 2024 WL 3819373, at *5 (Tex. App.—Fort Worth Aug. 15, 2024, pet. denied) (mem. op.). "Generalit[ies are] to be avoided," and "grounds of objections couched in general terms . . . shall not be considered by the court." Tex. R. Civ. P. 322 (capitalization altered); *see Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397,

8

406 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("If objections asserted in a motion for new trial are stated too broadly, the trial court is under no obligation to consider the motion."); *D/FW Com. Roofing Co., Inc. v. Mehra*, 854 S.W.2d 182, 189–90 (Tex. App.—Dallas 1993, no writ) (holding that, because the "appellant's complaints in the motion for new trial did not alert the trial court that it was complaining about the possibility of a double recovery . . . , the trial court could not have been expected to address this issue").

Mother's six-statement new-trial motion was full of generalities. She broadly asserted that she had "a meritorious defense to the cause of action alleged"[8] without identifying which pivotal termination finding her meritorious defense purportedly

---

[8]Arguably, the motion's references to a meritorious defense and the Department's lack of injury, taken together with Mother's explanation for her failure to attend trial, implicitly relied upon the three-factor *Craddock* test. That test requires "[a] default judgment [to] be set aside and a new trial granted" if (1) the failure to answer or appear was not intentional or the result of conscious indifference but was due to a mistake, (2) the parent sets up a meritorious defense, and (3) the new trial would not result in delay or otherwise injure the other party. *In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006) (applying *Craddock* test in termination case); *In re T.F.*, No. 02-18-00299-CV, 2019 WL 2041790, at *3 (Tex. App.—Fort Worth May 9, 2019, no pet.) (mem. op.) (noting that *Craddock* test applies to post-answer default judgments entered when a party fails to appear at trial). But the *Craddock* test applies when a judgment results from a party's default, and Mother did not default; although she did not personally attend the termination trial, she was represented by counsel, and she appeared at trial through her counsel. *See C.B. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-12-00833-CV, 2013 WL 1567469, at *1–2 (Tex. App.—Austin Apr. 11, 2013, no pet.) (mem. op.) (rejecting mother's argument that trial court abused its discretion by denying new termination trial and explaining that, because mother "was represented by counsel, who appeared on her behalf and participated in the trial on the merits, . . . the *Craddock* test does not apply"). Regardless, on appeal, Mother does not mention the *Craddock* test.

undermined. And she claimed that "[j]ustice w[ould] not be properly served unless a new trial [wa]s granted," leaving the trial court to guess how or why. *Cf. J.A.*, 2024 WL 3819373, at *5 (holding motion for new trial "preserve[d] no issue[s]" when it "alleged that that [the father] had not been given 'a fair and impartial trial,' that the evidence against him had been 'biased and unfair,' that [the mother] had received 'preferential treatment' from the trial court, and that the trial court had shown bias"). The only portion of Mother's new-trial motion that "clearly identified" a specific error was her contention that she "did not receive notice of the final trial from her attorney and was unaware that the matter was being held in person."[9] This statement pinpointed a problem, while her next sentence alluded to the alleged consequence: that there was "[unidentified] evidence as to completion of her court[-]ordered services that was not presented by her attorney at trial," presumably because Mother was not present to provide it.

Both the Department and the trial court interpreted Mother's motion in this manner. At the new-trial hearing, they vocalized their understanding of her motion as being limited to the notice issue. And Mother did little to refute this understanding— at least for the first half of the hearing. Although she noted that "a lack of notice would also include whether or not her counsel is telling her," she seemingly acknowledged that the ineffective assistance issue was a separate matter. It was not

[9]Mother does not allege that she was denied the opportunity to present evidence or offers of proof on the notice issue.

until the end of the hearing—after her attempts to offer evidence of ineffective assistance had been rejected as beyond the scope of the proceeding—that she "reviewed [her] motion" and claimed that the ineffective assistance issue was implied.[10]

But the Texas Rules of Civil Procedure require a movant to "clearly identif[y]" the grounds for new trial in writing. Tex. R. Civ. P. 320–21. Ambiguous, implied arguments are insufficient to require the trial court's consideration.[11] Tex. R. Civ. P. 321; *see* Tex. R. Civ. P. 322 (providing that grounds "couched in general terms . . . shall not be considered"); *Townsend v. Collard*, 575 S.W.2d 422, 424 (Tex. App.—Fort Worth 1978, no writ) (commenting that the trial court "should not have to speculate, but should be directed to the matters upon which [it] is called to rule"). Mother's motion did not assert that her trial counsel's presentation of the case had been deficient, nor did it use the well-worn phrase "ineffective assistance." It did not

---

[10]At one point, when the Department insisted that Mother had not raised ineffective assistance in her new-trial motion, Mother's appellate counsel noted that trial counsel's tardiness had not been confirmed by the trial court until the beginning of the new-trial hearing, implying that Mother could not have raised the issue before the hearing. Mother's appellate counsel thus claimed that she "ha[d] the right to make that record" and to "explore those options." And when the Department argued that it was not prepared to defend against grounds not listed in Mother's written motion for new trial, Mother asserted that she could raise her "constitutional right to effective counsel" at any time.

[11]Even if Mother had mistakenly believed that her written motion had clearly implied ineffective assistance as a ground for new trial, she was disabused of that notion at the new-trial hearing, and she did not request leave to file an amended motion for new trial to clarify her intended grounds.

11

invoke the constitution, nor cite to any relevant case law. And it did not attach any related evidence. *See In re T.N.S.*, No. 11-18-00193-CV, 2019 WL 694161, at *2 (Tex. App.—Eastland Feb. 14, 2019, pet. denied) (mem. op.) (noting that motion for new trial "assert[ing] that the evidence was insufficient to prove that [the parent] signed the affidavit of relinquishment voluntarily and, alternatively, that the affidavit was obtained through fraud, duress, or coercion" did not raise ineffective assistance argument and holding that trial court did not err by failing to hold evidentiary hearing on motion). In short, the motion did not "clearly identif[y]" ineffective assistance as a ground for new trial. Tex. R. Civ. P. 321. Thus, Mother's ineffective assistance challenge was not within the motion's—or the corresponding hearing's—scope.

## B.   Offer of Proof

Turning to Mother's first appellate issue, then, she claims that she had an "absolute" right to make an offer of proof on her ineffective assistance claim and that the trial court's denial of that right "prevented [her] from properly presenting her appeal." *See* Tex. R. Evid. 103(c) (providing that "[t]he court must allow a party to make an offer of proof as soon as practicable" and that "[a]t a party's request, the court must direct that [the] offer of proof be made in question-and-answer form"). But even if we assume that the right to make an offer of proof is so boundless as to

extend to matters beyond the scope of the hearing,[12] the unrelated nature of Mother's proffered evidence rendered any error harmless. *See* Tex. R. App. P. 44.1(a).

"The primary purpose of an offer of proof is to enable the appellate court to determine whether the exclusion was erroneous and harmful." *Emami v. Emami*, No. 02-21-00319-CV, 2022 WL 3273603, at *3 (Tex. App.—Fort Worth Aug. 11, 2022, no pet.) (mem. op.) (noting further that "[a] secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence"). Mother told the trial court that her proffered evidence would show that her trial counsel had been ineffective, meaning that, as we have already explained, the evidence was not offered to support the grounds raised in her motion for new trial. Therefore, even without an offer of

---

[12]Mother cites several criminal cases describing the right to make an offer of proof as "absolute," but she does not cite any cases—criminal or civil—supporting the notion that the right extends to matters beyond the scope of the proceeding. *See Salinas v. Martinez*, No. 13-13-00658-CV, 2015 WL 1284636, at *5 (Tex. App.—Corpus Christi–Edinburg Mar. 19, 2015, pet. denied) (mem. op.) ("[T]he trial court did not err in refusing to permit appellants' counsel to make an offer of proof by way of presenting evidence on matters that were never properly before the court."); *Walker v. Thompson*, 287 S.W.2d 556, 558–59 (Tex. App.—San Antonio 1956, writ ref'd n.r.e.) (holding trial court did not err by denying request to elicit excluded new-trial testimony to develop bill of exception when evidence was properly excluded as unrelated to matters in new-trial motion); *cf. Rivera v. State*, 981 S.W.2d 336, 340–41 n.4 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding trial court erred by denying offer of proof at new-trial hearing but "question[ing] whether the right to make an informal offer of proof is truly *absolute*" and commenting that, "if a party attempted by an offer of proof in question and answer form to establish each individual entry in the Houston telephone directory, we suspect considerations of relevance and judicial economy might outweigh a party's right").

13

proof, the record is sufficient to establish that the trial court did not abuse its discretion by excluding the proffered evidence.[13]  *See* Tex. R. Civ. P. 320–22.

And for much the same reason, an offer of proof could not have shown that the trial court abused its discretion by denying Mother's motion.  A trial court does not err by declining to grant a new trial on grounds not "clearly identified" in the written motion, and the proffered evidence was not presented to support any grounds "clearly identified" in Mother's motion.  Tex. R. Civ. P. 320–21; *see* Tex. R. Civ. P. 322 ("Grounds of objections couched in general terms . . . shall not be considered by the court."); *Stary v. Ethridge*, 695 S.W.3d 417, 438 (Tex. App.—Houston [1st Dist.] 2022, pet. granted) (holding that "[b]ecause the evidence [wa]s not relevant" to the issues before the trial court, "any error in excluding the evidence or refusing [the appellant's] request to make an offer of proof did not probably cause the trial court to render an improper judgment"); *In re A.H.*, No. 09-09-00281-CV, 2010 WL 571778, at *2 (Tex. App.—Beaumont Feb. 18, 2010, pet. denied) (mem. op.) ("We cannot say . . . the trial court abused its discretion in failing to grant a new trial on a ground not raised by written motion."); *Rodriguez v. Rodriguez*, No. 04-07-00252-CV, 2007 WL 3272133, at *4 (Tex. App.—San Antonio Nov. 7, 2007, no pet.) (mem. op.) (holding that "the trial court could not have abused its discretion in denying [the appellant's] motion for new trial on a ground not raised"); *cf. Stroik v. Stroik*, No. 02-22-00092-CV, 2023 WL

---

[13]We review a trial court's exclusion of evidence for an abuse of discretion.  *See Emami*, 2022 WL 3273603, at *2.

14

6475645, at *5–6 (Tex. App.—Fort Worth Oct. 5, 2023, pet. denied) (mem. op.) (holding that denial of offer of proof required reversal when it prevented appellate court from determining whether erroneous exclusion of evidence was harmful); *Ruiz v. State*, No. 04-98-01082-CR, 2001 WL 322057, at *5 (Tex. App.—San Antonio Apr. 4, 2001, pet. ref'd) (not designated for publication) (holding that trial court's refusal to allow offer of proof at new-trial stage was harmless because "[i]t [wa]s apparent from the record that the issues [the appellant] sought to preserve for appeal were outside his motion for new trial and not properly before the court").

We overrule Mother's first issue.

## C. Ineffective Assistance

Mother next claims that her trial counsel was ineffective and that the trial court abused its discretion by denying her motion for new trial on that basis.[14]

Again, as we have already explained, Mother's motion for new trial did not raise a claim of ineffective assistance, and we cannot fault the trial court for denying Mother's motion on a ground not clearly identified in that motion. *See* Tex. R. Civ. P. 320–22; *A.H.*, 2010 WL 571778, at *2; *Rodriguez*, 2007 WL 3272133, at *4.

Moreover, to the extent that Mother raises her ineffective assistance argument as an appellate issue separate from her motion for new trial,[15] *see* Tex. R. App. P. 38.9, she has not shown that her counsel's actions prejudiced her defense.

---

[14]We review a trial court's ruling on a motion for new trial for an abuse of discretion. *J.A.*, 2024 WL 3819373, at *5; *A.H.*, 2010 WL 571778, at *2.

To demonstrate that counsel was ineffective,[16] a parent must satisfy the two-pronged *Strickland* test by demonstrating (1) "that counsel's performance was deficient" and (2) that "the deficient performance prejudiced the defense." *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)); *see In re I.A.*, No. 02-24-00471-CV, 2025 WL 494696, at *3 (Tex. App.—Fort Worth Feb. 13, 2025, no pet.) (mem. op.). A showing of prejudice requires "counsel's errors [to have been] so serious as to deprive the defendant of a fair trial," meaning that, but for the deficient performance, there is a reasonable probability the proceeding would have turned out differently. *J.O.A.*, 283 S.W.3d at 342, 344 (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *M.S.*, 115 S.W.3d at 545, 549–50; *see I.A.*, 2025 WL 494696, at *3.

---

[15]A parent may raise ineffective assistance of trial counsel for the first time on appeal. *See In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009) (holding parent was not precluded from presenting ineffective assistance on appeal despite trial counsel's failure to comply with later-repealed preservation requirement); *see also In re D.T.*, 625 S.W.3d 62, 68–75 (Tex. 2021) (noting that mother raised ineffective assistance of retained counsel for the first time on appeal, holding intermediate appellate court should have addressed merits of issue, and concluding that counsel's performance was not deficient); *In re T.J.*, No. 05-22-00954-CV, 2023 WL 1988838, at *13 (Tex. App.—Dallas Feb. 14, 2023, no pet.) (mem. op.) (noting that the mother's "ineffective-assistance complaint . . . c[ould] be raised for the first time on appeal"); *In re Z.M.R.*, 562 S.W.3d 783, 794 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (similar).

[16]"[T]he statutory right to counsel in parental-rights termination cases include[s], as a matter of due process, the right to effective counsel." *C.S.F. v. Tex. Dep't of Fam. & Protective Servs.*, 505 S.W.3d 618, 619 (Tex. 2016) (order).

Here, Mother supports her allegation of ineffective assistance by pointing to her counsel's "not [being] present at the time set for trial and indicat[ing] to the trial court [that] she was not ready."[17] She argues that such tardiness supports an inference that counsel "made no preparations or trial strategy." But even assuming that counsel's tardiness was unreasonable, the inference Mother draws from this is not a reasonable one; it is mere speculation.

While forgetting a case setting or deadline is not condoned—and can carry harsh consequences at times, *see, e.g.*, *Allstate Fire & Cas. Ins. Co. v. Dollard*, 679 S.W.3d 279, 281–91 (Tex. App.—Fort Worth 2023, no pet.) (dismissing appeal due to untimely motion for new trial and noting "the potential perils of procrastination")—it does not necessarily imply outcome-altering incompetence on the merits of the case. *See C.S.F.*, 505 S.W.3d at 620 ("Not every failure to preserve error or take timely action . . . will rise to [the] level of ineffective assistance of counsel."). Here, the trial court delayed the start of trial to accommodate counsel's tardiness, so Mother's trial counsel did not miss any of the proceeding. *Cf. In re J.M.O.*, 459 S.W.3d 90, 93–94 (Tex. App.—San Antonio 2014, no pet.) (holding father was deprived of effective

---

[17]Mother also argues that, at the new-trial hearing, she attempted to offer other evidence of her trial counsel's ineffective assistance but she was prevented from doing so. Again, though, Mother's ineffective assistance argument was beyond the scope of her motion for new trial, so the trial court did not abuse its discretion by excluding such evidence. *See Walker*, 287 S.W.2d at 558 (holding trial court properly excluded testimony at new-trial hearing when questions "did not relate to any matters raised in appellant's motion for a new trial").

assistance and reversing termination order when father's trial counsel failed to appear or arrange for incarcerated father to attend trial and court nonetheless proceeded); *Lockwood v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-12-00062-CV, 2012 WL 2383781, at *5–6 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.) (holding mother was deprived of effective assistance and reversing termination order when neither mother nor her trial counsel appeared at trial and court nonetheless proceeded). And the record confirms that Mother's counsel actively participated in the trial by objecting to testimony, cross-examining witnesses, and presenting argument on Mother's behalf. Even Mother acknowledges that her trial counsel was present for trial and "ma[d]e some specific objections and points." In short, other than conclusory speculation, Mother has not enunciated any way in which her counsel's tardiness harmed her, detracted from the merits of her case, materially altered the outcome, or deprived her of a fair trial. *Cf. Hansley v. State*, Nos. 01-12-01023-CR, 01-12-01024-CR, 01-12-01025-CR, 2014 WL 60960, at *2–5 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, pet. ref'd) (mem. op., not designated for publication) (overruling ineffective assistance argument due to appellant's failure to show prejudice when trial counsel was not only tardy on the day of trial but was twice held in contempt and was allegedly deficient in other ways).

Because Mother did not raise ineffective assistance in her motion for new trial, and because she has not shown that, but for her trial counsel's tardiness, the result of the proceeding would have been different, we overrule her second issue.

18

### III.  Conclusion

Having overruled Mother's appellate issues, we affirm the judgment terminating her parental rights to Adam.  *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  May 1, 2025

19