# IN THE SUPREME COURT OF TEXAS

════════════
No. 15-0546
════════════

C.S.F., PETITIONER

V.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, RESPONDENT

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

**ORDER**

This Court abated this case to consider whether petitioner C.S.F., a pro se indigent parent in a government-initiated parental rights termination suit, has a statutory right to appointed counsel to pursue a petition for review. These proceedings began with a report made after the child, then thirteen, was hospitalized with mental health issues. The Department of Family and Protective Services eventually placed the child in a residential treatment facility and sought termination of parental rights. The trial court terminated both parents' rights, but only C.S.F. appealed. The CA affirmed. Acting pro se, outside the time for filing a petition for review, C.S.F. filed several documents in this court, including a motion for extension of time and a hand-written indigency affidavit.

We concluded in *In re P.M.*, ____ S.W.3d ____ (Tex. 2016), that in government-initiated parental rights termination proceedings, the statutory right of indigent parents to counsel endures until all appeals are exhausted, including appellate proceedings in this Court. We conclude here that C.S.F. should have counsel to pursue whatever remedies she may have available in this Court. We have previously held, in another context, that the statutory right to counsel in parental-rights termination cases included, as a matter of due process, the right to effective counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). And we have extended this holding to effective assistance of counsel in pursuing an appeal; procedural requirements, in some cases, may have to yield to constitutional guarantees of due process. *See In re J.O.A.*, 283 S.W.3d 336, 339, 347 (Tex. 2009) (though parents failed to file a timely statement of appellate points, due process required that parents nonetheless be allowed to complain on appeal of the ineffective assistance of counsel); *cf. In re. E.R.*, 385 S.W.3d 552, 567 (Tex. 2012) (citing *In re J.O.A.*, 283 S.W.3d at 339, 347); *In re B.G.*, 317 S.W.3d 250, 258 (Tex. 2010). Not every failure to preserve error or take timely action, however, will rise to level of ineffective assistance of counsel. *In re J.O.A.*, 283 S.W.3d at 343; *In re M.S.*, 115 S.W.3d at 549. We do not suggest what our ultimate ruling may be on any argument, procedural, substantive or jurisdictional. We conclude only that C.S.F. should be able to pursue any such argument with the assistance of new counsel. We therefore refer the case to the trial court for appointment of counsel to represent C.S.F in this Court. We direct the trial court to report the appointment to the Court within thirty days. The case remains abated until further order.

Opinion delivered: April 1, 2016