

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-17-00329-CV
_____

**IN THE INTEREST OF C.S., G.M.S., J.C.S., J.S., AND R.S., CHILDREN**

On Appeal from the 287th District Court
Parmer County, Texas
Trial Court No. 10,840; Honorable Carry A. Baker, Presiding

September 26, 2017

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE and PARKER, JJ.

Appellant, S.M.,[1] attempts to appeal an order terminating her parental rights in a suit brought by the Department of Family and Protective Services. We dismiss the appeal for want of jurisdiction.

S.M. was represented at trial by appointed counsel, Mr. Lendon Ray. On July 31, 2017, the trial court signed an order terminating her parental rights to C.S., G.M.S.,

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. _See_ TEX. FAM. CODE ANN. § 109.002(d) (West 2014). _See also_ TEX. R. APP. P. 9.8(b).

J.C.S., J.S., and R.S.[2]  Consequently, S.M.'s notice of appeal was due within twenty days after the order was signed, i.e., by August 21.[3]  *See* TEX. R. APP. P. 26.1(b) (In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed.); TEX. FAM. CODE ANN. § 263.405 (West 2014) (The appeal of a final order in a suit brought by the Department to terminate parental rights is an accelerated appeal.).  This deadline could have been extended to September 5, had S.M. filed a notice of appeal and a motion for extension within the fifteen-day extension period.  *See* TEX. R. APP. P. 26.3, 10.5(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997) (implying a motion for extension when an appellant files a notice of appeal within fifteen days of the notice deadline).  S.M. did not file a notice of appeal, however, until September 8.

On September 8, 2017, Ray filed a notice of appeal and a motion to extend the time to file a notice of appeal on behalf of S.M.  The motion states that S.M. requested appointed appellate counsel at the time of trial, but as of September 8, counsel had not been appointed.  The motion further states that Ray did not discover that a notice of appeal had not been filed until September 7.

On September 13, 2017, the trial court signed an order discharging Ray and substituting Mr. Dale Rabe as appellate counsel for S.M.  That day, Rabe also filed a

---

[2] The order of termination was signed by the associate judge on July 31, 2017.  The referring court approved and adopted the order on August 1.  Because no party filed a request for a *de novo* hearing before the referring court, the associate judge's order became the order of the referring court by operation of law on July 31.  *See* TEX. FAM. CODE ANN. §§ 201.2041(a) (West 2014), 201.2042 (West 2014), 201.015(a) (West Supp. 2016).  Ratification of the order by the referring court was unnecessary, and the appellate timetables began to run on July 31.  *See In re A.M.F.*, Nos. 07-16-00046-CV, 07-16-0047-CV, 2016 Tex. App. LEXIS 5118, at * 2 (Tex. App.—Amarillo May 12, 2016, no pet.) (mem. op.).

[3] The twentieth day after July 31, 2017, fell on Sunday, August 20.  Accordingly, the notice of appeal deadline was extended to Monday, August 21.  *See* TEX. R. APP. P. 4.1(a).

notice of appeal and a motion for extension on behalf of S.M. Rabe's motion states that he was appointed as appellate counsel after the notice of appeal deadline had passed and that S.M.'s trial counsel failed to timely file a notice of appeal.

A timely notice of appeal is essential to invoking this court's jurisdiction. *See* TEX. R. APP. P. 25.1(b). Notwithstanding that the Supreme Court of Texas has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, *Verburgt*, 959 S.W.2d at 616-17, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal in a civil case). This court has no discretion to permit S.M.'s untimely filed notice of appeal to confer jurisdiction over this appeal.

Accordingly, we deny S.M.'s motions for extension of time to file her notice of appeal and dismiss the purported appeal for want of jurisdiction.[4] *See* TEX. R. APP. P. 42.3(a).[5]

Per Curiam

---

[4] Although we are without jurisdiction to review the termination order, S.M. may seek relief from the Supreme Court of Texas by filing a petition for review. *See C.S.F. v. Tex. Dep't of Family & Protective Servs.*, 505 S.W.3d 618, 619 (Tex. 2016) (order) ("the statutory right to counsel in parental-rights termination cases included, as a matter of due process, the right to effective counsel . . . we have extended this holding to effective assistance of counsel in pursuing an appeal; procedural requirements, in some cases, may have to yield to constitutional guarantees of due process"); *In re J.O.A.*, 283 S.W.3d 336 (Tex. 2009). *See also In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (imposing on appointed counsel a continuing duty of representation through the exhaustion of proceedings, including the possible filing of a petition for review).

[5] Pursuant to appellate rule 2, we dispense with the ten-day notice requirement of appellate rule 42.3. *See* TEX. R. APP. P. 2, 42.3.