

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-17-00364-CV

_____

IN THE INTEREST OF P.T., JR. AND J.T., CHILDREN

On Appeal from the 72nd District Court
Crosby County, Texas
Trial Court No. 2016-7867; Honorable Kara L. Darnell, Presiding

December 14, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, A.T.,[1] attempts to appeal an order terminating her parental rights to her children, P.T., Jr. and J.T., in a suit brought by the Department of Family and Protective Services. We dismiss the appeal for want of jurisdiction.

On December 2, 2016, A.T. executed an affidavit voluntarily relinquishing her parental rights to P.T., Jr. and J.T. On December 6, the trial court signed an order of

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. _See_ TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017). _See also_ TEX. R. APP. P. 9.8(b).

termination.[2] Consequently, A.T.'s notice of appeal was due within twenty days after the order was signed, i.e., by December 27.[3] *See* TEX. R. APP. P. 26.1(b) (In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed.); TEX. FAM. CODE ANN. § 263.405 (West 2014) (The appeal of a final order terminating parental rights in a suit brought by the Department is an accelerated appeal.). This deadline could have been extended to January 11, 2017, had A.T. filed a notice of appeal and a motion for extension within the fifteen-day extension period. *See* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (implying a motion for extension when an appellant files a notice of appeal within fifteen days of the notice deadline). A.T. did not file a notice of appeal, however, until February 2, 2017. The district clerk did not send a copy of A.T.'s notice of appeal to the clerk of this court until October 6, 2017. *See* TEX. R. APP. P. 25.1(f).

By letter of October 11, 2017, this court notified A.T. that her notice of appeal appeared untimely and directed her to file a response showing how this court has jurisdiction. A.T.'s appellate counsel filed a response acknowledging that the notice of appeal was not filed timely and, therefore, the court is without jurisdiction. The response included an affidavit from A.T.'s trial counsel and a copy of a letter sent by trial counsel to A.T. on December 6, 2016. By this letter, trial counsel provided A.T. a copy of the

---

[2] The associate judge signed the order of termination on December 6, 2016. Because no party filed a request for a *de novo* hearing before the referring court, the associate judge's order became the order of the referring court by operation of law without ratification by the referring court and the appellate timetables began to run on December 6. *See* TEX. FAM. CODE ANN. §§ 201.2041(a) (West 2014), 201.2042 (West 2014), 201.015(a) (West Supp. 2017); *In re A.M.F.*, Nos. 07-16-00046-CV, 07-16-0047-CV, 2016 Tex. App. LEXIS 5118, at *2 (Tex. App.—Amarillo May 12, 2016, no pet.) (mem. op.).

[3] The twentieth day after December 6, 2016, fell on Monday, December 26, a legal holiday. Accordingly, the notice of appeal deadline was extended to Tuesday, December 27. *See* TEX. R. APP. P. 4.1(a).

order of termination, advised her of the right to appeal, and notified her of the notice of appeal deadline. According to the affidavit, trial counsel did not have any communication with A.T. after sending the letter. On January 30, 2017, after the notice of appeal deadline had expired, appellate counsel was appointed. A notice of appeal was filed two days later.

A timely notice of appeal is essential to invoking this court's jurisdiction. *See* TEX. R. APP. P. 25.1(b). Notwithstanding that the Supreme Court of Texas has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules; *Verburgt*, 959 S.W.2d at 616-17, we are prohibited from altering the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal in a civil case). This court has no discretion to permit A.T.'s untimely filed notice of appeal to confer jurisdiction over this appeal.

Accordingly, we dismiss the purported appeal for want of jurisdiction.[4] *See* TEX. R. APP. P. 42.3(a).

Per Curiam

---

[4] Although we are without jurisdiction to review the order of termination, A.T. may seek relief from the Supreme Court of Texas by filing a petition for review. *See C.S.F. v. Tex. Dep't of Family & Protective Servs.*, 505 S.W.3d 618, 619 (Tex. 2016) (order) ("the statutory right to counsel in parental-rights termination cases included, as a matter of due process, the right to effective counsel . . . we have extended this holding to effective assistance of counsel in pursuing an appeal; procedural requirements, in some cases, may have to yield to constitutional guarantees of due process"); *In re J.O.A.*, 283 S.W.3d 336 (Tex. 2009). *See also In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (imposing on appointed counsel a continuing duty of representation through the exhaustion of appeals, including the possible filing of a petition for review seeking leave to file an out-of-time appeal).