# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00615-CV

## In re K.B.

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-22-005771, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## O P I N I O N

In the underlying parental-rights-termination proceedings, the district court denied relator's (Mother's) request for a copy of the transcript of the contested Chapter 262 full adversary hearing even though Mother was indigent. *See* Tex. Fam. Code § 262.201. Mother has filed a petition for writ of mandamus asking this Court to order the district court to withdraw its order denying Mother's request and provide her with a free transcript of the adversary hearing. Because we conclude that due process demands that Mother be provided with a copy of the transcript of the full adversary hearing, we will conditionally grant relief.

## BACKGROUND

In August 2022, real party in interest the Texas Department of Family and Protective Services (the Department) filed its original petition in a suit affecting the parent-child relationship (SAPCR), seeking the termination of Mother's parental rights to her son, K.B. (Kevin).[1] The Department sought emergency removal of Kevin from Mother, and the district

---

[1] For the child's privacy, we refer to him using a pseudonym. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

court granted the Department's request.[2]  In September 2022, the district court held a full adversary hearing.  *See* Tex. Fam. Code § 262.201.  According to the district court's docket notes, a copy of which has been included in the mandamus record, the contested hearing was transcribed by the court reporter.  The docket notes also reflect that "[a]fter hearing testimony," the district court found that the Department had met its burden of proof, found that granting the Department temporary managing conservatorship (TMC) of Kevin was in Kevin's best interest, and thus granted the Department TMC of Kevin.

When the case began, the district court found that Mother appeared to be eligible for the appointment of an attorney and conditionally appointed her counsel.  That counsel withdrew shortly thereafter and was replaced by current counsel.  In the mandamus petition, counsel represents that Mother, at the time of the adversary hearing, "anticipated disbursement of funds from a relative's estate and would no longer qualify for court-appointed counsel as she would no longer be indigent."[3]  Accordingly, following the adversary hearing, counsel "filed a Notice of Appearance as retained counsel," "asked the court reporter about the cost of obtaining a transcript" of the adversary hearing, and "obtained authorization from Mother to obtain [that] transcript."  However, "Mother never gave the needed funds to counsel; funds were never forwarded to the court reporter; and the transcript was never obtained."  Counsel further

---

[2]  Mother filed a petition for writ of mandamus challenging the emergency removal, which this Court denied.  *See In re K.B.*, No. 03-22-00565-CV, 2022 WL 4349326, at *1 (Tex. App.—Austin Sept. 20, 2022, orig. proceeding) (mem. op.).

[3]  Evidence regarding these "anticipated funds" has not been included in the mandamus record.  However, in an unsworn declaration included in the mandamus petition, counsel "declare[d] under penalty of perjury that the allegations in this Petition for Writ of Mandamus are true and correct."

2

represents that "[b]etween September 12, 2022 and April 2023 Respondent Mother's unpaid invoices for legal services exceeded $12,000."

In April 2023, after failing to receive the anticipated funds, Mother filed an affidavit of indigence. At around the same time, the Department changed its primary plan for Kevin from "Family Reunification" to "Relative Adoption." In May 2023, the relatives with whom Kevin had been placed filed a petition in intervention, seeking termination of Mother's parental rights. In June 2023, the case proceeded to mediation, but according to the mediation advisory that was filed with the district court, "[t]he mediation was not successful in helping the parties reach a mediated settlement agreement." When mediation failed, Mother filed a "motion for expenses," requesting payment of approximately $300 in expenses, specifically for the transcript of the September 2022 adversary hearing. In the motion, counsel represented that "[t]his transcript is needed in order for counsel to proceed with the representation of [Mother], the defense of her parental rights and the protection of the parent-child rights." In August 2023, intervenors filed a motion to contest Mother's affidavit of indigence.[4]

The district court considered both the motion for expenses and the contest to Mother's affidavit of indigence at a hearing in September 2023. During the hearing, the district court found Mother to be indigent and denied both the intervenors' motion to contest the affidavit of indigence and Mother's motion for expenses. In its order denying the motion for expenses, the district court made the following findings:

> The Court FINDS that Respondent Mother is indigent and entitled to a court appointed attorney ad litem pursuant to Texas Family Code § 107.013(a).

---

[4] The Department did not contest Mother's affidavit of indigence.

The Court FINDS that Counsel for Respondent Mother sought approval for expenses, specifically funds to obtain a transcript of the Adversary Hearing in this matter for the purpose of filing a Petition for Writ of Mandamus.

The Court FINDS that the funds requested are not for a purpose of filing an appeal or obtaining an appellate record.

The Court finds that Respondent Mother is not entitled to the preparation of a Reporter's Record without payment pursuant to Texas Family Code § 109.003, Texas Government Code § 52.047(a)(2) or Texas Rules of Appellate Procedure rules 20, 35.3(b)(3).

This mandamus proceeding followed.[5]  In her petition, Mother is seeking an order from this Court vacating the district court's order denying her motion for expenses and ordering that she be provided with a transcript of the September 2022 adversary hearing to be able to file a petition for writ of mandamus challenging the district court's decision not to return Kevin to Mother.

## STANDARD OF REVIEW

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)).  It is well established that temporary orders in a SAPCR cannot be challenged on appeal.  *See, e.g.*, *In re C.J.C.*, 603 S.W.3d 804, 811 n.27 (Tex. 2020) (orig. proceeding); *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding); *In re D.D.*, 661 S.W.3d 608, 617-18 (Tex. App.—El

---

[5]  Mother also filed a motion to stay the proceedings in the court below pending this Court's disposition of her mandamus petition.  We granted that motion.  *See In re K.B.*, No. 03-23-00615-CV, 2023 WL 6931460, *1 (Tex. App.—Austin Oct. 20, 2023, orig. proceeding) (per curiam) (order).

Paso 2023, orig. proceeding); *In re Mata*, 212 S.W.3d 597, 603-04 (Tex. App.—Austin 2006, orig. proceeding); *see also* Tex. Fam. Code § 105.001(e) (providing that temporary orders made "for the safety and welfare of the child" are not subject to interlocutory appeal); *A.P. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-23-00089-CV, 2023 WL 3956859, at *6 (Tex. App.—Austin June 13, 2023, orig. proceeding) (mem. op.) (explaining that final decree in SAPCR renders any complaints about temporary orders moot and thus not subject to review on appeal). Thus, the second requirement for mandamus relief is satisfied here, and we will focus our analysis on whether the district court abused its discretion in not providing Mother with a copy of the transcript of the adversary hearing.

"A trial court abuses its discretion when it acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner." *Kappmeyer*, 668 S.W.3d at 655 (citing *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding)). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Thus, "[a] trial court's 'failure to analyze or apply the law correctly is an abuse of discretion.'" *Kappmeyer*, 668 S.W.3d at 655 (quoting *In re American Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding)). Moreover, mandamus relief may be appropriate when a trial court's order impairs a relator's constitutional rights. *See Tilton v. Marshall*, 925 S.W.2d 672, 682 (Tex. 1996) (orig. proceeding); *In re Aubin*, 29 S.W.3d 199, 203-04 (Tex. App.—Beaumont 2000, orig. proceeding).

5

**DISCUSSION**

**Delay in requesting funds**

As a preliminary matter, the Department contends that Mother waived her right to mandamus relief by her "unjustifiable delay in seeking to challenge the Ch. 262 contested hearing which occurred in September of 2022." The Department observes that "the issuance of a writ of mandamus is largely controlled by equitable principles," that "one such principle dictates that equity aids the diligent, not those who sleep on their rights," and that "unjustified delay in seeking relief may result in its loss." *See In re American Airlines, Inc.*, 634 S.W.3d 38, 42-43 (Tex. 2021) (orig. proceeding); *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999) (orig. proceeding). In the Department's view, Mother "forfeited any claim for relief" by waiting "approximately 9 months before attempting to obtain funds for the record from the Ch. 262 contested hearing to then pursue filing a petition for writ of mandamus."

We disagree. It is true that "delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay." *In re International Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding). However, in this case, the delay was justified. After the adversary hearing, counsel believed that Mother was not indigent and thus obtaining public funds for a transcript would not be necessary. As counsel explained at the hearing on the motion for expenses:

> [Mother] had the immediate expectation of the disbursement of her share of her father's estate. So we notified the Court of that, and as of that day, I began proceeding as her retained counsel. So . . . immediately after the adversary hearing I was retained as her counsel. I anticipated . . . filing a mandamus, so I talked with [the court reporter] about how much a record would cost. I talked to my client about whether or not she would authorize payment, and I notified [the court reporter] that she would.

6

> However, then it became clear that my client was not getting the reimbursement in the manner of when she expected it. By the time we got to me filing that— well, by April [2023], my client owed me over—had paid me $2,000 and owed me close to $13,000 in attorney's fees. So that's why in April we asked the Court to let me withdraw as her retained counsel.

Thus, at the time of the adversary hearing, counsel did not believe that she would need to request a free copy of the transcript and thus cannot be faulted for failing to seek one at that time.

Additionally, the circumstances of the case had changed significantly between the time of the adversary hearing and the time Mother sought a transcript of that hearing. Specifically, the Department had changed its plan from family reunification to relative adoption; the relatives who wanted to adopt Kevin had intervened in the case, seeking termination of Mother's parental rights; and mediation had failed. These changed circumstances are what prompted counsel to challenge the continued removal, as counsel explained at the hearing:

> I want it clear that my purpose for that delay was because initially my client was making steady and appropriate progress. And as—again, as also being respectful of the public funding of these cases, I had hoped that we wouldn't get to the point where the Department changed its plan, we had [] intervenors, we had a mediation that failed, and I had no other alternative, so thank you.

On this record, we conclude that Mother's delay in seeking relief was justified by the circumstances of this case and that she did not forfeit her right to relief. *See id*. at 676-77 (concluding that relator had not forfeited its right to seek mandamus relief because delay was justified and record did not reflect that relator had "slumbered on its rights"). Thus, we proceed to the merits of Mother's petition.

7

**Right to transcript**

Mother argues that because she has been found indigent, she is entitled to a free transcript of the adversary hearing, and the district court abused its discretion to conclude otherwise. Mother cites various statutes and rules that she asserts provide her with a right to the transcript, *see* Tex. Gov't Code § 52.047(a); Tex. Fam. Code § 109.003; Tex. R. App. P. 20.1, and she also argues that because her parental rights are at stake in these proceedings, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a transcript be provided to her.[6]

We begin our analysis with the statutes and rules cited by Mother. Texas Government Code section 52.047 provides that "[a] person may apply for a transcript of the evidence in a case reported by an official court reporter." Tex. Gov't Code § 52.047(a). Regarding the provision of a transcript to an indigent person, the statute incorporates Rule 20 of the Texas Rules of Appellate Procedure, providing that the court reporter "shall furnish the transcript to the person not later than the 120th day after the date the . . . person establishes indigency as provided by Rule 20, Texas Rules of Appellate Procedure." *Id.* Rule 20 governs "costs," which the rule defines as "filing fees charged by the appellate court." Tex. R. App. P. 20.1(a). The definition of costs in Rule 20 does not include fees charged for preparation of a record. For those fees, Rule 20 provides that "[f]ees charged for preparation of the *appellate*

_____

[6] Although Mother did not explicitly refer to the Due Process Clause in her arguments at the hearing on her motion for expenses, she argued that "the right to counsel in these cases is extremely important," "is protected and honored . . . by the Texas Supreme Court, as well as the expectation that parents are going to have some sort of effective representation," and that "as an attorney, you can't effectively represent a client if you are prohibited from getting the tools and resources you need in order to do that." Arguments addressing the right to the effective assistance of counsel clearly implicate the Due Process Clause. *See C.S.F. v. Texas Dep't of Fam. & Protective Servs.*, 505 S.W.3d 618, 619-20 (Tex. 2016) (order); *In re M.S.*, 115 S.W.3d 534, 543 (Tex. 2003); *In re K.L.*, 91 S.W.3d 1, 5-8 (Tex. App.—Fort Worth 2002, no pet.).

record are governed by Texas Rule of Civil Procedure 145." *Id.* (emphasis added). Rule 20 is silent regarding fees charged for preparation of a mandamus record.

Texas Rule of Civil Procedure 145 provides that payment of costs, which includes "fees charged by the clerk or court reporter for preparation of the *appellate* record," Tex. R. Civ. P. 145(a) (emphasis added), is not required for indigent litigants, *see id.* However, once again, the rule is silent on fees charged for preparation of a mandamus record. The same is true for Texas Rule of Appellate Procedure 35.3(b), which addresses entitlement to a reporter's record *on appeal* and says nothing about mandamus proceedings. *See* Tex. R. App. P. 35.3(b) (providing that court reporter is responsible for preparing, certifying, and timely filing reporter's record if "a notice of *appeal* has been filed," "the *appellant* has requested that the reporter's record be prepared," and "the party responsible for paying for the preparation of the reporter's record . . . is entitled *to appeal* without paying the fee" (emphases added)).

In the Texas Family Code, Section 109.003 provides,

> If the party requesting a court reporter's record *in an appeal* of a suit has filed an affidavit stating the party's inability to pay costs as provided by Rule 20, Texas Rules of Appellate Procedure, and the affidavit is approved by the trial court, the trial court may order the county in which the trial was held to pay the costs of preparing the court reporter's record.

Tex. Fam. Code § 109.003(a) (emphasis added). This provision, like the others discussed above, refers only to an appeal and not to a mandamus proceeding. Additionally, the statute is discretionary, providing that "the trial court *may* order the county in which the trial was held to pay the costs of preparing the court reporter's record."

Further, as Mother observes in her petition, Travis County has local rules that restrict a trial court's discretion regarding payment of transcripts. The county's "Modified

9

Policy on Indigent Attorney Fees for Civil, Family and Juvenile Cases" does not list transcripts as among the "reimbursable allowable expenses" for which appointed counsel may seek reimbursement. And the county's practices and procedures for CPS cases expressly provide that an indigent parent is not entitled to free transcripts of hearings in "non-appeal matters":

> **Transcripts for Other Matters:** In accordance with the Texas Government Code and local policies of the Travis County Civil Courts, an indigent parent **is not entitled to free transcripts of hearings for non-appeal issues**. Upon request, the Court Reporters for our CPS Courts will provide an estimate of the cost for a transcript, at the "indigent rate," for a specified hearing. A party may pay "out of pocket" for a transcript for non-appeal issues, without the need for prior court approval. If a court appointed attorney is seeking reimbursement for the cost of a transcript, prior court approval is necessary. The Court uses discretion in approving these limited requests and a request for reimbursement of a transcript must be made by filing a motion and providing information as to why a transcript is reasonable and necessary. If approved, the court appointed attorney should notify the Court Reporter to begin drafting the transcript.

Travis County CPS Courts Pracs. & Procs. R. 15, *Court Appointed Attorneys: Requesting Transcripts*.

In sum, the statutes and rules that provide indigent parties with the right to obtain a transcript of the evidence in a case reported by an official court reporter are limited to appeals. No statute or rule requires the district court to provide Mother with a free transcript of the Chapter 262 adversary hearing for filing a petition for writ of mandamus challenging Kevin's removal.

However, we agree with Mother that in proceedings to terminate parental rights, denying indigent parents a copy of the transcript of the Chapter 262 adversary hearing violates their constitutional rights. It is well established that "[p]roceedings to terminate the parent-child

relationship implicate rights of constitutional magnitude that qualify for heightened judicial protection." *In re A.C.*, 560 S.W.3d 624, 626 (Tex. 2018). Parental rights are "perhaps the oldest of the fundamental liberty interests" protected by the United States Constitution, *Troxel v. Granville*, 530 U.S. 57, 65 (2000), and have been characterized as "essential," "a basic civil right of man," and "far more precious than property rights," *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)).

"Observing that termination cases implicate fundamental liberties," Texas courts "begin with the premise that our proceedings to terminate parental rights must comply with the requirements of procedural due process." *In re B.L.D.*, 113 S.W.3d 340, 351-52 (Tex. 2003). "The phrase 'due process,' although incapable of precise definition, expresses the requirement of fundamental fairness." *Id.* at 352 (citing *Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 24 (1981)); *see Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965))). "What fundamental fairness requires in a particular situation is determined by 'considering any relevant precedents and then . . . assessing the several interests that are at stake.'" *B.L.D.*, 113 S.W.3d at 352 (quoting *Lassiter*, 452 U.S. at 25). Courts consider: (1) the private interest affected by the proceeding or official action; (2) the countervailing governmental interest supporting use of the challenged proceeding; and (3) the risk of an erroneous deprivation of that interest due to the procedures used. *See id.* (citing *Mathews*, 424 U.S. at 335).

It is already established that in proceedings to terminate parental rights in Texas, indigent parents are entitled to appointed counsel, *see* Tex. Fam. Code § 107.013(a)(1), and that as a matter of due process, the statutory right to appointed counsel "embodies the right to

11

effective counsel," *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). In appellate proceedings, the effective assistance of counsel includes "examination into the record, research of the law, and marshalling of arguments on [the client's] behalf." *See Douglas v. California*, 372 U.S. 353, 358 (1963). Without the effective assistance of counsel, appellate proceedings can become nothing more than a "meaningless ritual" for those who are indigent. *See id.*; *In re S.K.A.*, 236 S.W.3d 875, 894 (Tex. App.—Texarkana 2007, pet. denied); *see also A.G. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00502-CV, 2022 WL 10714200, at *3 (Tex. App.—Austin Oct. 19, 2022) (per curiam) (order & mem. op.). Additionally, due process demands that indigent parents be provided with a transcript of proceedings in which their parental rights were terminated. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 107 (1996) (holding that state "may not deny [a parent], because of her poverty, appellate review of the sufficiency of the evidence on which the trial court found her unfit to remain a parent").

Although mandamus review of a trial court's order following a Chapter 262 adversary hearing is not equivalent to appellate review of a decree terminating parental rights, we conclude that similar due-process concerns arise when an indigent parent and her appointed counsel lack access to a transcript of a full adversary hearing. Chapter 262 of the Texas Family Code authorizes the Department to take possession of a child away from a parent, thereby depriving the parent of custody of her child at least temporarily. *See* Tex. Fam. Code §§ 262.101-.116. Thus, the private interest affected by a Chapter 262 hearing is a parent's right to maintain custody of her child, which is a "paramount" and "commanding" interest. *See M.S.*, 115 S.W.3d at 547.

The Department must satisfy several procedural requirements before it may deprive a parent of custody of her child:

As a general rule, before DFPS can "take possession of a child," the Department must do two things: (1) file a suit affecting the parent–child relationship that is supported by an affidavit; and (2) obtain an emergency order. Ordinarily, the order is signed without a hearing, based on the allegations in DFPS' petition and affidavit. But the order is only temporary, expiring 14 days after its signing. Then a full adversary hearing is held.

*In re A.A.*, 670 S.W.3d 520, 526-27 (Tex. 2023). A full adversary hearing is a critical phase in termination proceedings: "the adversary hearing affords the parents the opportunity to present evidence on their own behalf, hear and challenge the Department's evidence, and challenge the Department's right to retain the children it previously took into custody under an ex parte order." *In re Justin M.*, 549 S.W.3d 330, 333 (Tex. App.—Texarkana 2018, orig. proceeding). Then, at the conclusion of the full adversary hearing, "the court shall order the return of the child to the parent . . . unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution" that:

(1) there was a danger to the physical health or safety of the child, including a danger that the child would be a victim of trafficking under Section 20A.02 or 20A.03, Penal Code, which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child;

(2) the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and

(3) reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

Tex. Fam. Code § 262.201(g). Thus, the full adversary hearing is the proceeding at which a trial court hears evidence and decides whether a parent is entitled to the return of her child after

13

emergency removal. Unless sufficient evidence supports the trial court's findings, the child is to be returned to his parent. This makes the full adversary hearing perhaps the most significant pretrial hearing in a termination proceeding.

Moreover, in the absence of a transcript of the full adversary hearing, the risk of the erroneous deprivation of a parent's right to the custody of her child is high. The only way to review a trial court's findings following a Chapter 262 adversary hearing is through mandamus. *In re J.D.S.*, 494 S.W.3d 387, 389 (Tex. App.—Waco 2015, no pet.). Without a transcript of that hearing, a parent cannot effectively challenge the sufficiency of the evidence supporting those findings in a mandamus proceeding. *See* Tex. R. App. P. 52.7(a) ("Relator must file with the petition . . . a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained."); *see also In re G.X.H.*, 627 S.W.3d 288, 300 (2021) ("In the absence of a record, we presume the evidence was sufficient to support the trial court's findings.").

The governmental interest supporting the denial of a free transcript of the full adversary hearing to an indigent parent is avoiding the cost of providing the transcript to every indigent parent who requests one. That cost may be high over time. However, given the importance of the private interest at stake combined with the risk of erroneous deprivation of that interest, we cannot conclude that the government's interest outweighs an indigent parent's interest in maintaining custody of her child absent sufficient evidence that she should not have custody. Accordingly, we conclude that as a matter of due process, an indigent parent is entitled

14

to a copy of the transcript of the full adversary hearing upon request, and the district court abused its discretion in concluding otherwise.[7]

**Relief not requested**

Finally, the Department argues that Mother is not entitled to mandamus relief because she is seeking relief that was not demanded of and, therefore, not refused by the court below. *See Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding) ("As a rule, mandamus is not available to compel an action which has not first been demanded and refused."). In her motion for expenses, Mother requested payment of approximately $300 in expenses to obtain a copy of the transcript of the adversary hearing. In her mandamus petition, in addition to asking this Court to direct the district court to withdraw its order denying Mother's request for payment, Mother is asking this Court to direct the district court to provide Mother with a free transcript of the adversary hearing. The Department contends that Mother did not request this specific relief from the district court. However, it is clear from the substance of Mother's motion for expenses and her arguments at the hearing on that motion that Mother was seeking a copy of the transcript free of charge to her, and the district court denied that request. Accordingly, Mother's request for a free record has been refused by the district court, and she is entitled to mandamus relief from that refusal in this Court. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *see also Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding).

---

[7] The Department asserts that the district court did not abuse its discretion in denying Mother's motion for expenses because Mother had not been found to be indigent at the time of the adversary hearing. We disagree. Although Mother would not have been entitled to a free transcript of the hearing before she had been found to be indigent, at the time the district court denied Mother's motion for expenses, the court had found her to be indigent. Thus, Mother was entitled to a transcript of the adversary hearing at that time.

## CONCLUSION

For the foregoing reasons, we conditionally grant mandamus relief. We lift our temporary stay of the trial-level proceedings and direct the district court to vacate its order denying Mother's motion for expenses and to order that counsel for Mother be provided with a transcript of the September 2022 Adversary Hearing. The writ will issue only if the district court does not comply.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Smith

Filed: January 5, 2024

16